.JUDGJ5 CRADDOCK (special judge)
delivered the opinion oe THE COURT.
Henry C. Pindell, a judgment creditor of Picbard Pindell, and upon whose judgment an execution had been issued and returned nulla bona, on the 10th day of April, 1863, exhibited his petition in equity in the Louisville Chancery Court against his debtor, and upon which an attachment was issued and levied upon the interest of the debtor in and to a lot of ground on Main Street, in the city of Lexington. On the 14th of October, 1865, an amended petition was filed purporting to set out the nature and the extent of the interest of Richard Pindell in said lot of ground, and making the heirs of Robt. Megowan, sr., deceased, the former owner of the ground, and Gormly and wife, who are alleged to be in the possession of a part of the land, defendants to the suit. On the 27th of December, 1865, Jas. Gormly and his wife Alice filed their joint answers, claiming that the feme, Alice Gormly ^ was the owner and in the possession of one acre and a half of the land in contest by purchase from the Lexington and Big Sandy Railroad Company, and in support of her claim of title exhibited a deed made by a commissioner of the Fayette Circuit Court, pursuant to the judgment of said court, in a suit brought by the said Alice against said company. They allege that the Lexington and Big Sandy Railroad Company had by regular and proper proceedings, in October, 1855, condemned for depot grounds and other purposes five and eight tenths acres of said ground, of which the one acre and a half claimed by them was a part. On the 5th of April, 1867, the venue of the suit was changed from the Louisville Chancery Court to the Fayette Circuit Court.
*573 On the 22d day of August, 1868, the Fayette Circuit Court heard the case and entered judgment, defining the interests of the respective parties in the land, and appointed a commissioner to partition the land as directed by the judgment. This judgment ignored the claim of Gormly and wife, although 4not particularly mentioned, by directing the whole of the land to be divided and allotted to the other claimants. That judgment was afterward, by motion of Gormly and wife, upon affidavits filed, set aside. On the 8th of February, 1869, the record shows that Gormly and wife filed certain exhibits, among which there is what purports to be a copy of a judgment of the Fayette Circuit Court, which reads as follows:
“ State oe Kentucky, Fayette Circuit Court, 1 June Term, 1859; June 14, 1859. /
LEXINGTON & BIG SANDY E. E. CO., Plaintiffs, 1 against 1 On Inquest. DAYID MEGOWAN’S HEIES, . . . Defendants. J
No exceptions being taken or objections made to the inquest heretofore returned in this case, on motion of the plaintiff it is ordered that said inquest be now approved of and confirmed. A copy.
Attest: J. B. Bodes, C. F. C. C.”
On the 26th of February, 1869, the cause was again heard; and on the 2d of April, 1869, a judgment was rendered defining the interests of the several claimants in the land, and appointing commissioners to make partition pursuant to the judgment; and in August, 1869, Pindell’s petition was dismissed as to Gormly and wife, and Pindell and others have appealed to this court.
It is clear that to entitle Mrs. Gormly to the one acre and a half of the ground claimed by her, it must appear that the railroad company had taken the necessary proceedings to *574 condemn the land to the use of the company. The company could only acquire title by pursuing strictly the requirements of its charter upon the subject of the condemnation of real estate to its use. This can only be shown by the record itself, if it be in existence.
In this case it is claimed that the writ of ad quod damnum, the finding of the jury, and in fact the whole proceeding except the judgment, which has been copied into this record, have been lost; and we are called upon to presume from the judgment alone that all of the proceedings have been conducted in conformity with the requirements of the company’s charter.
Such a presumption might be properly indulged in favor of and to sustain judgments of courts of competent jurisdiction not under review by this court upon appeal; but coming into a suit collaterally in support of a link in a chain of title, in cases where parts of the records or files of the suit have been lost or destroyed, yet it should clearly appear to the court, before admitting parol or secondary evidence of what the record contained, that it was lost or destroyed. In this case there is not satisfactory proof of the loss of the record. The inquest was had in the year 1854 or 1855, and a judgment of confirmation was not entered until June, 1859. There is no proof by any one who had seen the proceedings upon the writ of ad quod damnum that they had been filed in the clerk’s office, or who had custody of the papers from 1854 or 1855 to 1859. There is no proof in the record that any effort has been made to find the papers. The loss has not been alleged in any pleading, nor have Gormly and wife even made affidavit of the loss. No proper foundation has been laid for the introduction of parol proof. The affidavit of the clerk, which appears as part of the record of Alice Gormly against the railroad company, can not be used as evidence in this suit against Pindell or the Megowans. They were not parties to that suit, nor are they privies; nor can it be used in this suit *575 as a foundation upon which to present oral proof of the contents of the lost record. The loss of the record, as well as its contents, are facts in which Pindell was interested, and he had the right to contest as well the fact of loss as of the alleged import of the record itself.
We therefore conclude that Alice Gormly has failed to make out title to the one acre and a half claimed by her. But as it appears that the land was bought by her husband in good faith from the railroad company, and the purchase-money paid; and there is proof conducing to show that the railroad company paid the money to the Megowan heirs; and inasmuch as we have felt constrained to reverse the judgment, not so much upon the merits of the case as the want of proper preparation; it is but just that she should have an opportunity by' further preparation to present her claim to the land upon its merits.
Wherefore the judgment affirming this as a delay case is set aside, and the judgment of the circuit court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.